*BACK vs. MEEKS.*

With the knowledge of redhibitory vices in a slave, the attempt to impose him on another as free from them is fraudulent.

A defendant is liable under his warranty, whether the redhibitory defects be known to him or not.

APPEAL from the parish court for the parish and city of New-Orleans.

This was a redhibitory action to rescind the sale of a slave.

It appeared from the testimony that the slave was sold to the defendant without warranty against any vice, malady or defect, and that the defendant afterwards sold him to the plaintiff, warranted free from the vices prescribed by law. It further appeared, that the slave was in the habit of running away, both prior and subsequent to the sale to the plaintiff. There was judgment for the plaintiff, and the defendant appealed.

*Eustis,* for appellant.—*Canon,* for appellee.

MATHEWS, J. delivered the opinion of the court. This is a redhibitory action in which

Back
*vs.*
Meeks.

the plaintiff claims the recission of a sale made to him by the defendant of a certain slave named Andrew, and restitution of the price on account of the vice of running away, as alleged in the petition. The judgment of the court below, is in favour of the former, from which the latter appealed.

The only question in the case is one of fact, i. e. whether the testimony establishes the existence of the vice as alleged?

This slave was sold as a runaway and a thief, to the person who sold him to the defendant. And in the sale to the latter, his vendor refused to warrant against any vices; maladies or defects whatever.

With the knowledge of redhibitory vices in a slave the attempt to impose him on another as free from them, is fraudulent.

Notwithstanding these circumstances, which may be presumed to have been known by the defendant, he sold the slave in question to the plaintiff with full warranty  With this knowledge of his vices, the attempt *to impose* him on another as free from them, was fraudulent.

The testimony of the keeper of the police jail, shows this slave was frequently confined as a runaway, whilst in the possession of two distinct proprietors, who owned him previous to the defendant, and that he was confined since by the plaintiff, amongst the slaves who

work in chains. The whole evidence of the cause taken together, leaves no doubt on our minds of the existence of the redhibitory vice, as alleged in the petition, and of its being known by the vendor at the time of sale. But whether thus known or not, the plaintiff must succeed in his action, as the defendant is answerable under his warranty.

Eastern District.
*May,* 1830.

BACK
*vs.*
MEEKS.

A defendant is liable under his warranty, whether the redhibitory defects be known to him or not.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.