### BEALE'S HEIRS vs DE GRUY.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Questions relating to redhibitory vices and defects in things sold, must be solved principally in relation to the peculiar circumstances and facts of each individual case.

Unless the object sold be absolutely useless, it is rather the duty of courts of justice to make a fair deduction from the price, than entirely to avoid the sale, especially when the real value of the thing, bears any reasonable proportion to the price agreed on.

On the 25th of November, 1830, the plaintiffs, under an order of the Court of Probates, exposed to sale at public auction two slaves (the mother and daughter), which were struck off to the defendant, as the last and highest bidder for the price of $1160, payable in two equal instalments, for notes satisfactorily-endorsed with mortgage. This suit was brought to compel the defendant to comply with the terms and conditions of the sale.

The answer averred, that one of the slaves (the mother), was, at the time of the sale, and to the knowledge of the seller, afflicted with an incurable disease; and concluded with a prayer for a recision of the sale, damages, &c.

In support of the defence, a physician was introduced, who stated: that the slave was affected with a disease termed in French *Varices*, and that it had been of long standing. He could not say that the plaintiffs knew of its existence, or that the disease was, in its nature, incurable; but, in his opinion, the value of the slave was diminished by it one third. The court *a quo* gave judgment for a reduc-

tion of the price, and decreed that the defendant should give his notes for it (thus reduced) in pursuance of the conditions of the probate sale. ‘ The defendant appealed. '

*Seghers*, for appellee, contended that the case was not a redhibitory one, and cited *C. P. art.* 549—*C. C. art.* 2521.

*Derbigny* and *Dennis*, for appellant.

Eastern District,<br>June 1831.<br>BEALE'S HEIRS<br>*vs.*<br>DE GRUY.

*Mathews, J.,* delivered the opinion of the court.

This suit was brought to compel the defendant to comply with the terms and conditions imposed by a probate sale of the succession of Thos. Beale, at which he became the purchaser of two female slaves, a mother and her daughter, at the price of 1160 dollars, for which he was bound to give his promissory notes, satisfactorily endorsed, &c. one payable on the last of April, 1831, and the other on the last of April, 1832. The defendant justifies his refusal to give said notes on account of a redhibitory defect in one of the slaves purchased; and, in his answer, claims a recision of the contract *in toto.* The court below gave judgment for a reduction in the price, and decreed that the defendant should give his notes for it thus reduced, in pursuance of the conditions of the probate sale. From this judgment he appealed and now claims an entire recision of the contract.

In support of his right to obtain such judgment, his counsel relies on the art. 2496 of the Louisiana Code, and a decision found in 8 *Martin's Reports, p.* 313. That decision was made under an article of the old Code, similar to that cited from the new. It appears to be difficult to reduce the doctrine of redhibition to any precise and explicit rules calculated to answer the ends of justice in every case which may arise. Questions relating to redhibitory vices and defects in things sold must be solved principally in relation to the peculiar facts and circumstances of each individual case. With regard to the bodily vices and defects of slaves, our law divides them into two classes : one denominated abso-

Questions relating to redhibitory vices and defects in things sold, must be solved principally in relation to the peculiar circumstances and facts of each individual case.

lute and the other relative. The former, in all cases, afford a legal ground for redhibition ; the latter may also furnish a good cause for an entire recision of the contract of sale or a reduction of price, according to the facts of each particular case. In the present suit, there is no evidence which shows the disease of the slave alleged to be defective, to be of the class defined as absolute. A physician, the only witness examined, in relation to it, who was called in by the vendee, declares his opinion to be that it is not incurable, but that from its nature, so long as it endures interruptions to the services of the slave afflicted, would be a necessary consequence ; that it appeared to him to have been of considerable duration; and, from this circumstance difficult of cure. He concludes the slave in question to be worth one-third less, in consequence of her diseased state, than she would be if sound. The disease appears to be an enlargement of the veins in one of her legs.

On this testimony we are obliged to determine whether or not the disease proven constitutes a redhibitory defect.

The article of the Code cited (2496) defines "redhibition to be the avoidance of sale, on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed the buyer would not have purchased it, had he known of the vice." The article 2497 declares that "apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhitory vices." The true meaning of this last article is not very perspicuous; that is, whether the defect should be open and apparent to the buyer by a view of the object offered for sale, in the manner in which it is exhibited to his sight; or whether he is not bound to inspect and examine it with the care and caution ordinarily used by prudent men on such occasions.

It is, however, unnecessary to give any interpretation to it in the present case, in consequence of the conclusion to

which the article 2501 necessarily leads us. There is a <span>Eastern District,<br>June 1831.</span> clause in this article, which we believe did not exist in the old Code, that seems to control, in a great degree, that part <span>BEALE'S HEIRS<br>vs.<br>DE GRUY.</span> of the article 2496 relative to the inconvenience and imperfection of the use of things purchased. After the distinction of bodily defects or vices of slaves into absolute and relative, it is declared that the former are those of which the bare existence gives rise to the redhibitory action. But "relative vices are those which give rise to it only in proportion to the degree in which they disable the object sold."— From this we conclude that unless the object sold be absolutely useless, it is rather the duty of courts of justice to make a fair deduction from the price, than entirely to avoid the sale, especially when the real value of the thing bears any reasonable proportion to the price agreed on. The diminution of value in consequence of the disease of the slave, in the present instance, is estimated by the defendant's witness at one-third less than the price stipulated; and we perceive nothing in the whole testimony of the cause, which requires our interference in relation to the conclusion of the court below, on the relative value of the two slaves purchased by the defendant. But as the time is elapsed within which the first note was to have been made payable, the judgment of the District Court should be amended by decreeing to the plaintiffs the immediate payment of one-half the sum allowed, and a note be given for the balance, in pursuance of the conditions under which the probate sale took place.

*Unless the object sold be absolutely useless, it is rather the duty of courts of justice to make a fair deduction from the price than entirely to avoid the sale, especially when the real value of the thing bears any reasonable proportion to the price agreed on*

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be amended to read as follows, viz. "That the defendant pay to the plaintiff the sum of four hundred and seventy dollars, with interest thereon at 5 per centum per annum, since the last day of April, 1831, till paid; and that he do execute and deliver to the plaintiff his promissory note, satisfactorily endorsed, and bearing mortgage on the two slaves, for the sum of four hundred and

Eastern District, seventy dollars, payable on the last day of April, 1832."
June 1831.
And it is finally ordered, adjudged, and decreed, that the
BEALE'S HEIRS judgment of the District Court, thus amended, be affirmed;
vs.
DE GRAY. and that the appellant pay costs in both courts.