Simon, J.
The facts which gave rise to this controversy are fully stated in the opinion lately delivered in the case of Guesnon v. His Creditors, ante, p. 382.
This suit was instituted for the purpose of obtaining from the court which had rendered it, the cancelling of a judgment rendered by the court, a qua, ordering that a certain judicial mortgage recorded against the defendant Guesnon, syndic of his own insolvent estate, should be erased from' the books kept by the Recorder of Mortgages, for certain reasons adduced in the plaintiff’s petition. The defendant filed several exceptions, to wit: 1st. That the Court of Probates has no jurisdiction in this case ratione materia et persona, because the syndic, having filed his tableau of distribution before the District Court, and being only accountable before that court, which is seized exclusively of all the matters connected with the settlement of the insolvent estate, this suit should have been brought before said District Court. 2d. That the same matters are, by way of opposition to the said tableau, pending before the District Court. 3d. The plea of res judicata, in consequence of the judgment rendered by the District Court on the same question arising in the present case. The record of the suit of Guesnon v. His Creditors, was produced in evidence in this cause.
The Judge, a quo, sustained the exception rei judicata, and dismissed the plaintiff’s petition; and from this judgment the plaintiff has appealed.
*519 This action is now without any object, in consequence of our decision lately rendered in the case of Guesnon v. His Creditors, in which (the effect of the judgment here sought to be annulled, being the subject matter in controversy between the plaintiff in this suit and those of Guesnon’s creditors, who had acquired mortgage rights against his property subsequently to the judgment complained of,) we held, in accordance with the previous and uniform jurisprudence of this court, that a person who has acquired rights under the faith of proceedings apparently sanctioned, or by virtue of a judgment rendered by a court of competent jurisdiction, cannot be affected by the result of a suit by which those proceedings or judgment are sought to be annulled. We said, on the authority of the case of Lessassier v. Dashiel, 17 La. 203, that mortgages acquired by third persons under the faith and protection of a decree of a court of competent jurisdiction, which had not then been annulled or in any manner attacked, should have their full effect, and should be satisfied in preference to the mortgage previously and perhaps illegally can-celled ; and we recognized the doctrine, so often relied on in matters in which minors are interested, “ that whatever may be the result of a suit, by which a minor, on ariving at the age of majority, seeks to annul an order or proceeding under which his general mortgage was raised, it cannot affect the rights of third persons who purchased under the faith of such proceedings, apparently sanctioned by the Court of Probates,” as applicable to the question then at issue.
In consequence of our decision, it appears to us, that there is no further necessity for examining and expressing any opinion on the questions presented by the pleadings ; that even were we to cancel the decree complained of, our judgment could not in any manner relieve the plaintiff, and would be void and nugatory j and that justice does not require in this case any other judgment at our hands, than one dismissing the plaintiff’s appeal.

Appeal dismissed.