JOSEPH WHARTON v. JOSEPH BRICK ET AL.

1. All parts of a description in a conveyance should be made to stand and harmonize, if possible.
2. If all parts do not harmonize, the general description must give way to a particular one.
3. A line described as running from a fixed monument, on the edge of a branch, *up the same*, by a single course, to another fixed monument on said branch, construed to follow the straight line called for from monument to monument, and not to follow the windings of the branch, unless the words " the several courses thereof," or " the general course being," or some such language be used.
4. In such description the words "*up* the branch" by a single course means running in that direction on a straight line.

On rule to show cause.

An opinion was delivered at November Term, 1886, giving reasons for refusing a new trial.

At the term last above stated the opinion was filed; but subsequently, during the same term, on motion of counsel of plaintiff, on allegation of mistake of fact by the court, a re-argument was ordered and the opinion withdrawn from the files of the clerk.

The re-argument was heard at the February Term, 1887.

Argued at February Term, 1887, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, KNAPP and PARKER.

For the rule, *H. L. Slape.*

*Contra, Joseph H. Gaskill.*

The opinion of the court was delivered by

PARKER, J.   The declaration in this cause is in trespass, and sets forth that the defendants broke and entered a certain close of the plaintiff, in the township of Hammonton, in the county of Atlantic, and dug up and carried away a large quantity of cranberry vines, the property of the plaintiff.

The plaintiff put in evidence two surveys as the origin of his title to the *locus in quo*, and traced the title from them, through several mesne conveyances, to himself.   One of those surveys is called the " George West 110 Acre Survey," and the other is termed the " West and Shreve 600 Acre Survey." The one last mentioned includes the first named, and the question is whether the " West and Shreve 600 Acre Survey " of plaintiff covers the *locus in quo*.   This question was submitted to the jury by the trial judge, with a request to answer it in writing.   The jury answered the question in the negative and found the defendants not guilty.   The plaintiff now moves to set aside the verdict.

There is no controversy about the beginning point of the West and Shreve survey.   The difficulty is as to the true location of its second line.   The description (after fixing the beginning) is as follows, viz. :   " Thence (1) north, 39° 15″ east, 141 chains and 60 links, to the main branch of the Mechexatuxen ; thence (2) north, 72° 30″ west, up the said Mechexatuxen, 211 chains and 70 links, to the mouth of O'Neil's branch, where it empties into the said Mechexatuxen ; thence (3) up the said O'Neil's branch, the general course being south, 84° 30″ west, 261 chains," &c.

If the second line of the survey be run from where the end of the first line strikes the Mechexatuxen, along the said branch, the several courses thereof, to where the O'Neil branch empties into it, the survey will include the *locus in quo*, and the plaintiff be entitled to a verdict ; but if the second line of said survey be run on the course called for by the survey, or be run on one straight line to where the defendants claimed the mouth of O'Neil's branch was, then the survey will not

Wharton v. Brick.

include the *locus in quo,* and the defendants be entitled to a verdict.

The question in the cause, therefore, is as to the true construction of the description of the second line of the " West and Shreve 600 Acre Survey." This is a question of law, and not for the jury.

But it was a proper question for the jury to determine where the mouth of O'Neil's branch was, and the jury having answered the question submitted to them by the court, viz., whether the survey included the *locus in quo,* the jury must have found the mouth of O'Neil's branch to be where the defendants claimed it, and we do not perceive from examination of the testimony that such finding was against the weight of evidence.

It is a rule of construction that all parts of a description should be made to stand and harmonize, if possible. It is also held that a general description must give way to a particular one.

The Mechexatuxen is crooked, and in its serpentine course runs east of a straight line between the beginning and ending monuments called for in the description. If the second line of the survey be run the several courses of the branch, it would be inconsistent with that part of the description which calls for one straight line from monument to monument.

The several courses of the branch should not be followed, because the description does not so call, but gives a single course.

The meaning of the words " up the Mechexatuxen " is that the line runs in the direction of up the branch. If the line be run as a straight line, it does not contradict the other part of the description.

If it had been intended that the Mechexatuxen should be followed in its windings, the description of the second line would have contained the words " the several courses thereof," or the words " the *general course* thereof being," or some words equivalent thereto. Such language is used where it is intended that a line should follow a tortuous branch or stream.

The very next line of this survey furnishes an illustration of the truth of this. It is thus, viz.: "Up the said O'Neil's branch, the general course being," &c. The draughtsman of the description intended that line to follow the windings of O'Neil's branch, and hence he excluded the idea that it was governed by a single course by writing "the general course being," &c.

The jury did not answer the other question submitted to them by the judge, viz., whether the three-acre prior survey of defendants included the *locus*, and therefore the verdict cannot be sustained on the theory that it did cover the place of the alleged trespass. The jury, however, found that the plaintiff's survey did not embrace the *locus*, and the result being right the verdict should stand.

The rule to show cause is discharged.