# Dreisbach *v.* Ross.

*Mortgage—Real and personal property—Electric light plant—Poles and wires.*

Where a mortgage on an electric light plant describes the property mortgaged as certain real estate situate in the borough of Weissport with the structures thereon " together with the steam engine, boilers, water wheels, dynamos and other electrical machines and plant and all other machinery and fixtures therein respectively contained, or appertaining or belonging thereto," a line of poles with electric light wires thereon, situated in a neighboring borough, but connected with the electric light plant in the first borough, form part of the realty, and are covered by the mortgage.

Argued March 5, 1900. Appeal, No. 161, Jan. T., 1899, by defendants, from decree of C. P. Carbon Co., Oct. T., 1897, No. 1, on bill in equity, in suit of J. M. Dreisbach v. David Ross et al. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and MESTREZAT, JJ. Affirmed.

Bill in equity for an injunction, to restrain a sale of electric light poles and wires thereon situated in the borough of Lehighton to the borough.

From the record it appeared that the Carbon County Improvement Company, Limited, a joint stock association organized under the act of June 2, 1874, owned an electric light plant in the borough of Weissport, and also the poles and wires in controversy in Lehighton, which was on the opposite side of the river. On August 1, 1894, the company executed a mortgage in which the mortgaged premises were described as follows :

" All the real estate of the Carbon County Improvement Company, Limited, situated in the borough of Weissport, Carbon County, Pennsylvania, with the improvements, consisting

of 'several brick, stone and frame messuages or tenements, consisting of store and storehouses, dwelling houses, planing mill, stock and drying house, lumber sheds, steam engine and boiler house, ice manufacturing building, stable and wagon shed, and other buildings and improvements thereon erected, together with the steam engine, boilers, water wheels, dynamos, and other electrical machines and plant, ice manufacturing machines, plant, apparatus, and all other machinery and fixtures, therein respectively contained or appertaining or belonging thereto.'

" With the railroad thereon constructed, situate, lying and being in the borough of Weissport, in Carbon county, in the state of Pennsylvania, bounded and described according to the recent plan thereof made by Franz Mackl, civil engineer and surveyor of the said county, in the month of October, 1893, as follows, to wit: (here follows description of the premises by metes and bounds).

" Together with all and singular the buildings, improvements, machinery, fixtures, steam engines, boilers, dynamos, electric plant, machines for making ice, railroads, sidings, turbines, waters, water rights, water courses, roads, streets, alleys, passages, rights, liberties, privileges, hereditaments and appurtenances whatsoever, unto the said hereby granted premises belonging or in any wise appertaining, and the reversions and remainders, rents, issues, and profits thereof."

On October 24, 1896, the Carbon County Improvement Company, Limited, made an assignment for the benefit of creditors, and subsequently the assignee sold the property of the company for the sum of $6,000, subject to the lien of the mortgage. The purchasers claimed that the poles and electric wires in Lehighton were not subject to the mortgage and proposed to sell the same to the borough of Lehighton.

The court in an opinion by CRAIG, P. J., entered a decree restraining the defendants from interfering with the poles and wires.

*Error assigned* was the decree of the court.

*Richard C. Dale*, with him *H. D. Lentz* and *F. Bertolette*, for appellants.—A mortgage of real estate and its appurtenances definitely described within the borough of Weissport by direct

expression excludes property whose only situs is in the borough of Lehighton: Vail v. Weaver, 132 Pa. 363 ; Nat. Bank v. North, 160 Pa. 303.

As annexed chattels there is no sound line of argument upon which they can be considered as fixtures annexed to the Weissport lot, or as in a legal sense appurtenances thereto: Humphreys v. McKissock, 140 U. S. 304 ; Woodhull v. Rosenthal, 61 N. Y. 382.

*Horace Heydt,* with him *William G. Freyman* and *E. O. Nothstein,* for appellee.—Electric light wires fastened to masts in the street and connected with the plant are a part of the machinery, and pass under a mortgage upon the lot upon which the plant is situated: Fechet v. Drake, 12 Pac. Repr. 694 ; Keating Implement Co. v. Marshall Electric Light & Power Co., 74 Tex. 605 ; Voorhis v. Freeman, 2 W. & S. 116 ; Hill v. Sewald, 53 Pa. 271 ; Williams's App., 24 W. N. C. 365 ; Morris's App., 88 Pa. 368 ; Ege v. Kille, 84 Pa. 341 ; Hoskin v. Woodward, 45 Pa. 42 ; Moody v. Alexander, 145 Pa. 581 ; Miller v. Mann, 55 Vt. 475 ; Jackson v. Trullinger, 9 Oregon, 393 ; Wetmore v. White, 2 Caines' Cases, 87 ; New Ipswich W. L. Factory v. Batchelder, 3 N. H. 190.

A grantee of land who accepts a deed made " under and subject to the lien " of a mortgage given by his grantor and " subject to the payment of the mortgage " is a purchaser as between himself and his grantor of the entire estate, and is liable to pay the mortgage as part of the purchase money due from him : Blood v. Crew Levick Co. 177 Pa. 606 ; Green v. Rick, 121 Pa. 130.

PER CURIAM, March 26, 1900 :

The learned court below found as a fact, " that the electric light line, poles, wires, dynamos, etc., form a part of the electric light plant, late the property of the Carbon County Improvement Company, Limited, and are appurtenant thereto, and are covered by the mortgage aforesaid, and form part of the security pledged to secure the payment of the bonds secured by the mortgage aforesaid and the interest thereon, as well as all the machinery and fixtures in and upon said mortgaged property." And the court further found, " that the electric light

pole line, in the borough of Lehighton, and the electric light wires fastened to the masts in the streets and connected with the plant in the borough of Weissport, late the property of the Carbon County Improvement Company, Limited, form a part of the realty and are covered by the mortgage." And among the conclusions of law the court further found as follows: " It thus appears that the pole line in Lehighton was an essential part of the electric light plant in Weissport, so essential that without it the plant and the real estate covered by the mortgage would be useless. To sever the pole line would be to destroy the plant. The pole line was necessary to carry the electric light current to consumers in Lehighton. It was attached physically and continuously to the plant in Weissport, and while the plant was in operation the electricity created by the machinery was passing to and fro, going from and returning to the dynamos, and thus constituting one machine or plant. Evidently it was the full intent of the parties who erected the plant in Weissport to make the pole line in dispute a part of the machine plant attached to the real estate." The controversy turned upon the question whether the part of the plant which was contained within the territory of the borough of Lehighton was real or personal estate, whether it was so connected with the plant in Weissport as to be a necessary part of it and therefore bound by the lien of the mortgage. The above findings, which in our opinion could not have been otherwise under the evidence, dispose of the question. We are clearly of opinion that the court below was entirely correct in its findings of fact and conclusions of law The principles upon which the question was ruled are thoroughly well established and very familiar to the professional mind. It is beyond doubt that they have direct application to the clear facts of the present case.

Decree affirmed and appeal dismissed at the cost of the appellants.