————o————

## No. 6402.

## FAIRCHILD AUTO CO. vs. LEYMAN C. REED.

### Syllabus.

In all sales there is an implied warranty against redhibitory vices or defects.

Such warranty can be asserted only in an action of redhibition or diminution of the price.

The standard of responsibility of the vendor for hidden vices or defects is the difference between the price of sale and the actual value of the thing sold at the time and place of delivery.

The buyer who retains the thing sold cannot charge the vendor with the cost of repairs.

The burden of proof is upon the buyer to establish the defects of which he complains. In the absence of such proof he must fail.

Appeal from the Civil District Court for the Parish of Orleans, Division "D," No. 106,677. Honorable Porter Parker, Judge.

Logan Bruns, for plaintiff and appellee.

G. R. Westfeldt, Jr., for defendant and appellant.

D. B. H. Chaffe, for plaintiff.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

This is a suit on a promissory note.

Plaintiff claims that it is the holder of a promissory note for $162.50, dated February 15th, 1912, payable at three months, with interest, drawn by defendant, who has refused to pay the same, and it prays for judgment accordingly.

Defendant admits his signature to the note but alleges that it was given without consideration under the following circumstances, viz:

That said note was given as part of the purchase price of an automobile which he purchased from plaintiff for the price of $475, for which he paid cash $150, and for

the balance he gave his two notes of $162.50 each at three and six months. The suit is on the first of these notes. But he avers that he does not owe said notes for the following reasons, viz:

1. That two representations had been made to him; 1. that the car was a 1911 model while it was a 1910 model, and, 2, that the car had been in use for nine months, while the truth was it had been in service for twenty-five months, and,

2. That the car was to be painted and delivered in good running order; that in the latter part of March, about five weeks after his purchase, the car broke down and he discovered the following defects, viz: leaky radiator, worn out commutator, faulty braking cam in right hub, defective painting, and absence of roller bearing system; that he caused said defects to be repaired at an expense of $33.20; that if he had known of the real condition of the car he would not have purchased it; and he prays for judgment for the return of the $150 paid by him and for the reimbursement of the sum of $33.20 paid by him for repairs.

There was judgment for plaintiff for the sum claimed and against defendant rejecting his reconventional demand.

The defendant has appealed. The burden of proof is upon him to maintain his defense and to show that the judgment of the lower Court is not correct.

In all sales there is an implied warranty against redhibitory vices or defects. C. C., 2476 (2451); 121, La., 75.

The thing sold may be affected with vices or defects of two kinds. The first such as render it either absolutely useless, or its use so inconvenient and imperfect that it must be supposed that the buyer would not have pur-

chased it had he known of the vice. **C. C.**, 2520 (2496). The second when the defects are only such as merely diminish the value of the thing sold, or when the quality which the thing sold has been declared to possess and which it is found to want is not of such importance as to induce the buyer to demand a redhibition.

**C. C.**, 2541 (2519), 2542 (2520).

In the first case the buyer has his choice of two remedies; he may exercise his right of redhibition or of returning the thing sold to the vendor, and demand the avoidance of the sale and the restitution of the price paid by him; or he may retain the thing sold and demand a diminution of the price to the extent that the defects have diminished the value of the thing sold.

In the second case the buyer has no right of redhibition or return, but can only demand a diminution of the price which is called the action "**quanti minoris.**"

**C. C.**, 2541 (2519).

Courts favor the latter action.

**2 La.**, 471.

The law will not, however, allow any relief for apparent defects which might have been discovered by simple inspection.

**C. C.**, 2521 (2497).

The diminution in price is the difference in value between the thing such as it should have been delivered and such as it was delivered at the time of delivery, **17 Baudry-Lac., p. 357,** or the difference between the actual value of the thing sold and what it would have been worth if it had been a sound article, **30 A., 897, 898, 8 A., 136,** or the difference between the price of sale and the actual value, **7 A., 613, 243; 6 A., 442; 3 A., 655;** or the

difference at the time of sale between the actual value of the things sold and what they would have been worth if they had been as represented, **8 A.,136; 6 A., 442; 5 M., 305** or the difference between the price given and that which would have been given had there been no deception, **10 R., 5; 1 N. S., 321,** or the difference between the price and the value of the article as affected with the defects and vices existing at the time and place of delivery, **5 R., 217.**

> "The standard of responsibility of the vendor for hidden vices or defects is the difference in value at the date of the sale between a sound and unsound article."
> **121 La., 75; 7 A., 613.**

The plaintiff has not elected to institute an action in redhibition and to return the car; he has preferred to defend an action **quanti minoris.** He is entitled to obtain a reduction of the price and nothing more. The question then is what was the real value of the car at the time of sale with all its alleged vices and defects?
**121 La., 75.**

There is no evidence whatever upon the subject.

The defendant cannot recover for the painting and other repairs amounting to $33.20. The defective painting was a patent defect. Besides, the plaintiff, bound to paint the car, was not bound to furnish it of the best kind nor the worst.
**C. C., 2156, 2152.**

The defendant having elected to keep the car, the repairs were made at his own expense.
**121 La., 72 (76).**

— 355 —

We doubt whether the defects which caused the necessity for these repairs existed at the time of the sale and delivery of the car. The defendant purchased a second hand car and he could not demand conditions existing in a new car. He admits that for about thirty days the car gave him satisfaction in driving daily to and from Little Woods and attending to his business in New Orleans. The repairs which he caused to be made after that time amounting to $33.20, do not strike us as being defects or vices of the thing sold entitling the purchaser to a diminution of the price.

As to the alleged representations concerning the age of the car and the length of time of its service, we do not find that they were the "motive" without which the contract would not have been made."

C. C., 1825 (1819); 1826 (1820); 1845 (1839).

The manager of the plaintiff denies that any representations were made to defendant that the car was a 1911 model. The length of time of service of the car was only an incident. The working condition of the car was rather what the parties had in mind.

The question was how much the car had been used rather than how long. It does not follow that a car that has been in use 25 months is worse than one that has been used only nine months. It depends where and in what manner it has been used. There is no evidence that the car was worn out; on the contrary the testimony is that it worked satisfactorily at the time of delivery and for some time thereafter.

Upon the whole we do not think that defendant has made out a case either in his defense or in his reconventional demand. The Judge of the lower Court who saw

— 356 —

and heard the witnesses was of the same opinion. His judgment is therefore affirmed.

Judgment affirmed.

Opinion and decree, June 14th, 1915 .

Rehearing refused, June 30th, 1915.

Writ denied, October 20th, 1915.