L. G. BERNIN

 VS. No. 8157

PETER J. GUARINO

December 12th, 1921.

Judge. St Paul not having heard the argument takes no part —

M. G. BERNIN

VS. No. 8157

PETER J. GUARINO

CHARLES F. CLAIBORNE, JUDGE.

This is a suit upon the following promissory note:

$500.00 New Orleans, Nov. 25th, 1919

For value received ninety days after date I jointly
and severally promise to pay to the order of M. G.
Bernin Five Hundred Dollars at the Canal-Commercial
Trust and Savings Bank, New Orleans, with interest
at the rate of 8 per cent. per annum from date until
paid. The makers, endorsers, guarantors, and sureties
hereby severally waive presentment for payment, demand,
protest, and notice of protest and non-payment x x x

P. J. Guarino

The defendant denied any indebtedness to the plaintiff;
he admitted signing the note sued on, but averred that it was
given without value or consideration;

further answering defendant specially averred that said
note sued upon was given as part payment of a certain
Graham-Bernstein truck; that said truck was guaranteed to
your defendant but that immediately after the purchase
of said truck same proved to be unsatisfactory and defec-
tive; that this fact was brought to the attention of
plaintiff in this suit and notwithstanding repeated demands
by your defendant upon said plaintiff to remedy said de-
fects or furnish him with a new truck, said plaintiff
failed to carry out his guarantee under his contract of
sale; that the value of said truck in the condition in
which it was received by your defendant, is not $1500,

211

although your defendant agreed to pay the regular price of $2300.00 for a truck in first class condition; that said truck, as set out above, was not in the condition as represented".

There was judgment for plaintiff and the defendant has appealed.

The facts of the case are that the defendant sold to the plaintiff a truck for the price of $2365, in part consideratión and payment of which the defendant furnished his promissory note for $500, which is the note sued on described above, and for the balance the defendant furnished twelve other notes amounting together to $1865. But in order to suit the convenience of the parties and to preserve the mortgage on movables as provided by Act 198 of 1918 the sale was made by authentic act, and the declaration was therein made, contrary to the fact, that $500 had been paid cash. The truth was that $500 had not been paid cash, but that the above note of $500 had been furnished by the defendant as a part consideration of said sale.

The act of sale recites:

"Be it known, that on this 22d day of November 1919, Before me, Edward B. Ellis, Notary Public, duly commissioned and qualified, in and for the Parish of Orleans, State of Louisiana, Personally Came and Appeared: Maurice G. Bernin, of legal age, residing in New Orleans, La., who hereby sells, transfers, and conveys unto Peter J. Guarino, of legal age, residing 1240 Columbus St., New Orleans, La., here present, accepting, and purchasing for himself, his heirs, and assigns, and acknowledging due delivery and possession thereof one new Gramm-Bernstein, 1 and 1/2 ton truck 15 Chassis. This sale is made for the sum of $2365 dollars, of which the purchaser has paid in cash $500 to the vendor, who hereby acknowledges receipt thereof; and for the balance of said purchase

212

to-wit: the sum of $1865 the said purchaser has furnished twelve promissory notes - ten for the sum of $140 each, and two for the sum of $232.50 each &c x x x x No agreement except what is embodied herein shall be binding upon the parties hereto; this sale containing all the agreements or warranties relative to the sald of said property".

x x x x x x x x x x x x x x x

Upon the trial of the case the defendant, as a witness was asked:

"At the time you purchased the truck from Mr. Berrin, was there any guarantee, verbal guarantee?"

To which question the plaintiff objected on the ground that any guarantee should be contained in the act of sale, and that the act spoke for itself. Upon which the learned Judge of the District Court ruled as follows:

"In the chattel mortgage there is a clause that states that no agreement except what is embodied herein shall be binding on the parties thereto. This will contain all the agreements and warranties relative to the sale of the property. I understand that the defendant on the stand signed this act; oral testimony of what (went) before or after the signing of that act is totally inadmissible, and the objection of plaintiff is maintained".

This ruling of the Judge in so far as it excluded parole evidence concerning what may have been said about guarantee or warranty beyond what is contained in the act of sale before it was passed is according to law, C. C. 2276 (2256), and is maintained.

Upon further examination the witness was asked:

Q. Mr. Guarino, when you purchased this truck from Mr. Bernin, was that a new truck?

A. He said that it was.

Q. Did you have occasion to use that truck in your bus-

iness?

To which question the counsel for plaintiff objected "as wholly immaterial to the issue in this case". Which question *objection* was maintained without any reason. The following questions were also objected to and excluded:

Q. "Did you have occasion to bring this truck back to Mr. Bernin? After repeated complaints to Mr. Bernin about the condition of this truck, is it not a fact, Mr. Bernin offered you $700 for the truck? Did Mr. Bernin ever attempt to remedy the defects in this truck? Can you tell me the name of the driver who had been driving this Gramm-Bernstein truck? The truck that you were driving, what was the condition of that truck? Did you have occasion to bring that truck to Mr. Bernin's place many times?"

The objection to these questions was maintained, as we were led to believe by the argument, on the ground that the clause in the act of sale provided that

"this sale containing all the agreements or warranties relative to the sale of said property"

and inasmuch as there was no special warranty stipulated in the act, it amounted to a sale without warranty. We believe this to be an error. In the absence of any warranty clause in an act of sale, the law inserts one. The law presumes warranty in every case, without stipulation concerning it. In order to deprive a purchaser of the benefit of the presumption of warranty it is essential that a clause of no warranty be specially included in the act. The object of the testimony evidently was to establish the defense that the truck sold was defective. It was error to exclude it.

There are things which are of the essence of a contract, such as price in a sale; others which belong to its nature, as warranty in a sale; and lastly things which are accidents, depend-

ing on the will of the parties, such as an agreement of no warranty:

C. C. 1764 (1757)

§ 2 "Things which although not essential to the contract, yet are implied from the nature of such agreement, if no stipulation be made respecting them, but which the parties may expressly modify or renounce, without destroying the contract or changing its description; of this nature is warranty, which is implied in every sale, but which may be modified or renounced, without changing the character of the contract or destroying its effect".

C. C. 2475 (2450)

"The seller is bound to two principal obligations: that of delivering, and that of warranting the thing which he sells".

C. C. 2476 (2451)

"The warranty respecting the seller has two objects: the first is the buyer's peaceable possession of the thing sold, and the second is the hidden defects of the thing sold or its redhibitory vices".

C. C. 2504 (2480)

"Although it be agreed that the seller is not subject to warranty, he is, however, accountable for what results from his personal act; and any contrary agreement is void".

C. C. 2520 (2496)

"Redhibition is the avoidance of a sale on account of some (hidden) vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it had he known of the vice".

C. C. 2541 (2519)

"Whether the defect in the thing sold be such as to render it useless and altogether unsuited to its purpose, or

whether it be such as merely to diminish the value, the buyer may limit his demand to the reduction of the price".

"There is in all sales an implied warranty against redhibitory vices and defects". 121 La. 72 (75); 13 A. 229; 7 A. 243; 6 A. 442; 5 A. 35; 9 R. 352; 5 R. 217; 17 La. 101; 7 La. 519; 3 La. 330; 1 La. 309; 1 N. S. 316; 8 M. 704; 6 M. 697. *12 Ct-App 351 —*

The purchaser of machinery who has furnished notes may resist their payment on alleging that the machine was defective. 123 La. 1093.

Unless warranty is waived the vendor warrants the thing sold as fit for the purpose intended. 52 A. 1957; 46 A. 722.

By no stretch of the imagination can the clause relied on go to the extent of excluding warranty. Warranty is the rule; excluwion of warranty, the exception; in order to succeed, the exception must be made clear and without doubt. 2 N. S. 468; 6 M. 698; 1 M. 150.

It is therefore ordered that the judgment herein be reversed and that this case be remanded for the purpose of affording the defendant an opportunity of establishing by evidence the defense by him set up that there were hidden defects in the truck by him purchased which entitled him to relief under Articles 2520 to 2544 of the Civil Code. Costs of appeal to be paid by the plaintiff and costs of District Court to await the final judgment herein.

December 12th, 1921.