387 So.2d 1333 (1980)
Sheila Marie NEWMAN
v.
DIXIE SALES AND SERVICE et al.
No. 13,438.
Court of Appeal of Louisiana, First Circuit.
July 7, 1980.
Rehearing Denied September 4, 1980.
*1334 Stephen M. Irving, Baton Rouge, for plaintiff-appellant-Sheila Marie Newman.
John L. Delahaye of Borron & Delahaye, Plaquemine, for defendant-appellee-Dixie Sales and Service et al.
Richard Creed, Jr., Baton Rouge, for defendant-appellee-Chrysler Corp.
Before EDWARDS, LEAR and WATKINS, JJ.
LEAR, Judge.
Plaintiff, Sheila Marie Newman (Newman), filed suit against defendants alleging redhibitory defects in a 1977 Chrysler Volare purchased from Dixie Sales and Service, Inc. (Dixie), manufactured by Chrysler Corporation (Chrysler). The vehicle was purchased July 27, 1977, and numerous defects were listed, allegedly commencing two days after purchase. Suit was filed on July 17, 1978. Dixie filed a general denial and a third party petition against Chrysler; Chrysler filed a general denial and alternatively alleged negligent maintenance and care of the vehicle by the plaintiff. Chrysler further answered Dixie's third party *1335 petition alleging that repairs were not promptly and timely made by Dixie which violated the terms of the agreement between Chrysler and Dixie.
After trial the court gave judgment in favor of both defendants, dismissing plaintiff's suit, and in favor of Chrysler against Dixie on the third party demand. Thereafter, the court granted a new trial for reargument only, and after reargument, ordered the judgment annulled and set aside insofar as it rejected plaintiff's demands against Chrysler Corporation and insofar as it cast all costs upon plaintiff. The court then gave judgment in favor of plaintiff, Newman, and against Chrysler in the sum of $450.00, plus attorney fees in the sum of $750.00, and for all costs. Plaintiff, Newman, appeals.
Although the trial judge did not file reasons for judgment, it is obvious from the discussion between court and counsel that the only defect found by the court involved the transmission. Other defects complained of in the petition had previously been corrected by the dealer, Dixie Sales and Service, Inc. The record also shows that plaintiff did not return the vehicle to Dixie for repair of the transmission, although the warranty was still in effect.
The failure in the transmission occurred after the vehicle had been driven more than 11,000 miles. Chrysler contends that the failure was the result of abuse of the vehicle and offered expert testimony to that effect; however, the trial court did not so find. Proof that the defect existed at the time of the sale can be either direct or circumstantial evidence giving rise to the reasonable inference that defects existed at the time, and the standard to determine the sufficiency of the evidence is "when, taking the evidence as a whole, such proof shows that the fact or causation sought to be proved is more probable than not." Moreno's Inc. v. Lake Charles Catholic High Schools, Inc., 315 So.2d 660 (La.1975); Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (La.1971).
L.S.A.-C.C. 2520 reads as follows:
"Art. 2520. Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
It is inherent in a redhibitory vice that it be latent and it must have existed at the time of the sale. When such vice exists, the buyer may bring an action to rescind the sale and recover the purchase price plus expenses of the sale, or he can institute an action in quanti minoris to have the purchase price reduced.
In a redhibitory action, should the court, based upon the evidence, find only a partial failure of consideration, a reduction in the purchase price may be granted to the buyer. Wade v. McInnis-Peterson Chevrolet, Inc., 307 So.2d 798 (La.App. 1st Cir. 1975).
While the evidence in the record may not clearly convince this court that a defect existed in the transmission of plaintiff's vehicle at the time of sale, the trial judge was convinced and so reduced the purchase price.
The ultimate question of the existence of a redhibitory vice and the amount awarded in quanti minoris are questions of fact for the trial judge which should not be disturbed in the absence of manifest error or abuse of the wide discretion afforded him. Clinkscales v. Superior Pontiac-GMC, Inc., 365 So.2d 895 (La.App. 4th Cir. 1978); Canter v. Koehring Company, 283 So.2d 716 (La. 1973).
Chrysler further argues that plaintiff should not have been allowed to maintain an action in redhibition without first providing the seller an opportunity to repair the defect.
Prior to 1974, L.S.A.-C.C. 2531 provided that,
"The seller who knew not the vices of the thing, is only bound to restore the *1336 price, and to reimburse the expenses occasioned by the sale, as well as those incurred for the preservation of the thing, unless the fruits, which the purchaser had drawn from it, be sufficient to satisfy those expenses."
In Prince v. Paretti Pontiac Co., 281 So.2d 112 (La.1973), the Supreme Court held that a purchaser is not required to allow a vendor an opportunity to repair a defective thing as a condition precedent to commencing an action in redhibition.
Prince v. Paretti Pontiac Co. was legislatively overruled in 1974 (Acts 1974, No. 673, Sec. 1) when article 2531 was amended to read as follows:
"Art. 2531. The seller who knew not the vices of the thing is only bound to repair, remedy or correct the vices as provided in Article 2521, or if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price, and reimburse the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, subject to credit for the value of any fruits or use which the purchaser had drawn from it.
"In any case in which the seller is held liable because of redhibitory defects in the thing sold, the seller shall have a corresponding and similar right of action against the manufacturer of the thing for any losses sustained by the seller, and further provided that any provision of any franchise or manufacturer-seller contract or agreement attempting to limit, diminish or prevent such recoupment by the seller shall not be given any force or effect."
While we may agree that a manufacturer should likewise be given an opportunity to correct a defect in its manufactured product, this presently is not the law. A manufacturer could never be a "seller who knew not the vices of the thing", inasmuch as they are presumed to know the defects of their products. Radalec, Inc. v. Automatic Firing Corp., 228 La. 116; 81 So.2d 830 (La.1955).
It might well be argued that since there is no contractual relationship between the manufacturer and the buyer, any cause of action by the buyer against the manufacturer must come from the retailer's right against the manufacturer by either subrogation or transmission. If this is so, then the manufacturer's duty should be no greater than that of the retailer, which is to repair under article 2531.
However, the Supreme Court has not adopted this view and we, therefore, must affirm the trial court.
In view of the above, the judgment of the trial court is affirmed, appellant to pay all costs of this appeal.
AFFIRMED.