KNOLL, Judge.
This is a redhibition action brought by Terry J. Broussard against Don Siebarth Pontiac, Inc. Broussard sought rescission of a sale of a 1979 used Chevrolet pickup truck with four wheel drive, damages for repairs, storage, taxes, license fees, attorney’s fees and finance charges. The trial court rejected these demands and granted Broussard a quanti minoris award in the sum of $1200. From this judgment Brous-sard has lodged this devolutive appeal.
The specification of errors are: (1) the trial court erred in its ruling that mileage of greater than that indicated on a vehicle’s odometer is not necessarily a redhibitory vice or defect; and (2) the trial court committed manifest error in not ordering a rescission of the sale and just granting $1200 in quanti minoris.
FACTS
On October 29, 1979 Broussard purchased a used 1979 Chevrolet truck for $5,595. He paid $1,000 down and financed the balance with General Motors Acceptance Corporation. He also purchased a warranty policy with National Automobile Dealers Association Group (hereafter NADS).
Before purchasing the truck, he examined it a couple of times and drove it for a short distance. The odometer reading was 14,430 miles.
Immediately after purchase Broussard drove to his home in Prairieville, Louisiana where he first experienced a problem with the truck. At a railroad crossing he released the accelerator to slow the truck when he heard “a heck of a roaring sound”. Before purchasing the truck he was told by Mr. Coley, a salesman, that the truck needed new tires and a front end alignment. After hearing the loud roaring noise he changed tires and had the front end aligned. The noise continued so he called Siebarth’s and spoke with Mr. Coley. The testimonies are conflicting concerning Mr. Coley’s conversation with Broussard. It is Broussard’s position that Mr. Coley told him to have it fixed and send the bill to Sie-barth. Mr. Coley states he told him to have it checked and call NADS. The truck was brought to Big Sam’s Repair Service, Inc., owned by Sam Formby, in Prairieville, who tore down the rear end differential to examine it. He also inspected the odometer. It was Formby’s expert opinion that the odometer had been tampered with and the truck was driven in excess of 50,000 miles. He further stated that the truck had not been abused but was used for pulling a heavy load for a great number of miles. Formby could have repaired the rear differential and the brakes for $1200.
*653 After Pormby’s inspection of the truck there is conflicting testimony concerning why it was not repaired but remained torn down and in storage at Formby’s to the date of trial, a period of three years. There is also conflicting testimony as to why NADS refused to pay for the repairs; Broussard said it was because of the defect and Siebarth said it was because Broussard told NADS he hit a bump in the road. There is undisputed testimony that the truck was involved in a previous collision and at that time had an odometer reading of 16,540 miles.
Initially Broussard just wanted the truck repaired. The breakdown of communication arose over the return of the truck to Siebarth’s for repairs. Siebarth wanted the truck reassembled and brought back to its place of business; Broussard felt Siebarth should come and get it. Formby testified he was told by someone at Siebarth’s that they were going to pick the truck up and pay him whatever charges were owed.
Broussard forwarded Siebarth a formal letter of tender on February 8, 1980. Suit was filed on October 22, 1980. Siebarth filed a third party demand on the previous owner alleging odometer tampering but service was never effected. It was stipulated that Siebarth was a seller in good faith.
ODOMETER READING
Broussard contends that since the truck had more miles on it than indicated on the odometer, this necessarily makes the truck redhibitory. We find that the record does support the complaint that the truck did have more miles on it than indicated on the odometer, but we do not find this to be a redhibitory vice or defect in and of itself.
Broussard purchased a used vehicle. He does not complain that the truck was damaged in an accident before he purchased it. Mr. Primeaux, the adjuster who appraised the truck after the accident, testified to establish that the odometer reading of the truck at the time he appraised it was 16,540 miles. Siebarth’s work sheet reflected an odometer reading of 14,430 miles. Formby testified that the odometer read 16,003 miles. Broussard testified' that he had not driven the truck more than 300 miles after he purchased it. Formby explained that the odometer was not reflecting a correct reading because the numbers had been pried, scratched and staggered rather than level across. Formby testified that as one number turns, it rubs the one next to it causing both to turn. The defendant and its employees denied any tampering with the odometer and it was even stipulated at commencement of trial that Siebarth was a seller in good faith.
The trial court stated:

“ * * * Actually there is a lot that does not satisfy the court in trying to reach a result in this particular instance. The court is considering that it is not necessarily mileage, and it is not necessarily the wear of the truck which makes the defect, however it is a reduction in the quality in the thing which the plaintiff in this particular instance purchased....”

To meet the test of redhibition the vice or defect would have to render the truck either absolutely useless or its use so inconvenient and imperfect that Broussard would not have purchased it had he known of the vice. LSA-C.C. Art. 2520.
There is no evidence that Broussard would not have purchased the truck had he known that the odometer was inaccurate, nor is there any evidence that this inaccuracy constituted a vice or defect. Formby testified that the truck was not abused and he could not say that there was wear throughout the truck. It was established that the noise was coming from the rear differential and could be easily corrected.
We find that the trial judge did not commit error. In absence of manifest error the trial judge’s conclusion will not be disturbed. Ball v. Ford Motor Co., 407 So.2d 777 (La.App. 1st Cir.1981).
QUANTI MINORIS
Broussard further contends that the trial court committed manifest error in failing to grant a rescission of the sale, but rather granted a quanti minoris award of *654 $1200. To avoid the sale the court would have to have found redhibitory vices or defects. LSA-C.C. Art. 2520. In a redhibition suit the judge may decree a reduction in the purchase price. LSA-C.C. Art. 2543. The reviewing court must give great weight to factual conclusions of the trier of fact; and, where there exists substantial conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact of the trial court should not be disturbed by the appellate court in the absence of manifest error. Jofforion v. Leglue Buick, Inc., 399 So.2d 762 (La.App. 3rd Cir.1981).
The testimonies of all the parties clearly indicate that Broussard wanted to keep the truck and just have the differential and brakes repaired. The breakdown of communications arose over getting the truck to Siebarth’s for repair.' On this issue the trial court stated:

“ * * * fhe truck was never repaired, and in fact never reassembled by Mr. Formby. The truck has remained at Formby’s to this date.”

⅜ ⅝! ⅝ Jfc ⅜ #
“As I stated, factually the court could not understand some of the reasons for the plaintiff in this particular instance to have done what he did, and not seeing to it that the truck was returned to Don Siebarth’s for repair, or for the possibility of repair. By the same token I cannot understand why after it was delivered to Formby’s that Mr. Formby would refuse to reassemble the automobile if Mr. Broussard would not agree to pay for the same. That automobile has been there for a period of three years, and of course all that has caused is probably increased costs to Mr. Broussard or to the defendant in that particular instance. Attempts apparently were made over this period of time to resolve this matter, but as in some cases apparently one thing leads to another and they just never got around to trying to solve the problem, and here it is before the court.”
[[Image here]]
We are satisfied that the trial court gave careful consideration to all of the law and evidence involved in the case sub judice. If relief is going to be granted in a redhibition action,- avoidance of the sale or reduction in the purchase price is best determined by the trier of fact. Ark-La-Tex Builders & Realty, Inc. v. Hoge, 344 So.2d 90 (La.App. 2nd Cir.1977).
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.