JASPER E. JONES, Judge.
Plaintiffs, Robert and Lydia Spencer, husband and wife, instituted this suit to recover damages sustained as a result of a slip and fall by Lydia as she was walking up a flight of stairs. The defendant is Aetna Casualty & Surety Co., the insurer of the owner of the building where Lydia was injured. Plaintiffs appeal a judgment rejecting their demands.
The assignments of error present two issues for decision:
(1) Did the trial court err in finding plaintiffs failed to prove that the building was defective? and
(2) Did the trial court err when it found plaintiffs failed to prove the building owner was negligent in the care and maintenance of the building?

Background Facts

As Lydia was walking up a flight of stairs, about 8:00 a.m. on December 21, 1983, on the outside of the building where she worked, she slipped and fell. As a result of the fall, Lydia received some injuries to her back, head and shoulder. During the morning hours preceding Lydia’s fall the temperature averaged 31° Fahrenheit and there had been some very intermittent freezing rain with variable winds from four to ten miles per hour. About the time of Lydia’s fall the freezing rain became continuous and fell without interruption for about three hours. The wind speed increased from nine to fourteen miles per hour. There was very little change in the temperature. The weather conditions summarized were taken from the observations in the record made by the National Weather Service at the Shreveport Regional Airport on December 21, 1983.
The building where Lydia is employed is a split-level structure and was constructed about 1950. It had no interior stairway and no elevator. The only way one could reach Lydia’s office on the second floor was by ascending an open stairway located on the outside of the building. There was a high roof above the stairway.
Lydia testified that on the morning of the accident, she observed ice on the stairs and proceeded up them cautiously, but slipped and fell. She sued the building owner’s insurer alleging the building was defective because it had no elevator and no inside stairway. Plaintiffs alleged the owner of the building was liable because it had custody and control of the building and failed to keep ice from the surface of the steps. Plaintiffs sought damages for pain and suffering, medical expenses and loss of wages.
The trial court found the building was not defective and held that plaintiffs failed to carry their burden of proof under strict liability or negligence.
Issue No. 1 — Was the Building Defective?
Plaintiffs contend the building was defectively designed because it had no elevator and no inside stairway. Plaintiffs further contend that defendant is liable because its insured had custody and control of the building and stairway. Defendant argues that the building, according to the expert testimony at trial, was considered to be in compliance with all applicable standards when it was built.

Applicable Law

LSA-C.C. Article 2317 provides:
“We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of *1118 persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.”
LSA-C.C. article 2322 provides:
“The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.”
In order to recover in strict liability under Article 2317 or 2322 against the owner of a building, the injured person must prove the building or its appurtenances posed an unreasonable risk of injury to others, and his damage occurred through this risk. Entrevia v. Hood, 427 So.2d 1146 (La.1983). Upon proof of these elements, the owner is responsible for these damages, unless he proves that the damage was caused by the fault of the victim, the fault of a third person, or by an irresistible force. Olsen v. Shell Oil Co., 365 So.2d 1285 (La.1979); Loescher v. Parr, 324 So.2d 441 (La.1975).
The requirement that an injured person in order to recover under Article 2317 or 2322 must prove that the risk from which his damage resulted posed an unreasonable risk of harm, places a limitation on a building owner’s strict liability. He cannot be held responsible for all injuries resulting from any risk posed by his building, only those posed by an unreasonable risk of harm to others. Entrevia v. Hood, supra.
We conclude, as did the trial judge, that this building was not defective although it had no elevator or inside stairway for Lydia to use to reach her second floor office. Mr. Lester Haas, an architect licensed to practice in Louisiana, testified that the lack of enclosed stairs or an elevator did not violate any building code standards in effect when the building was constructed. Mr. Haas further testified that open exterior stairs are still being used in construction today. We note the stairway was equipped with hand rails and contained only nine steps. The steps were divided by a landing. There were four steps below the landing and five steps above it. The steps were wide and each was equipped with a special rough non-skid surface to decrease the danger of slipping. These two short flights of steps could be traversed easily. There was a high roof over this stairway which protected them from precipitation that fell straight down but which offered less protection from blowing rain. The railing and special surface of the walking portion of the steps made the danger of slipping and falling minimum, even m adverse weather conditions. The lack of an elevator or inside stairway did not pose an unreasonable risk of injury to others under LSA-C.C. arts. 2317 or 2322.

Issue No. 2—Was the Building Owner Negligent In the Care and Maintenance of the Building?

Plaintiffs contend the building owner was negligent in maintaining custody and control of a building with iced over steps. Defendant contends plaintiffs failed to prove that ice was on the stairway or that the building owner was negligent in the maintenance and care of the building.
LSA-C.C. art. 2315 provides in pertinent part:
“Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it ...”
In Kent v. Gulf States Utilities, 418 So.2d 493 (La.1982) our supreme court stated:
In a typical negligence case against the owner of a thing (such as a tree) which is actively involved in the causation of injury, the claimant must prove that something about the thing created an unreasonable risk of injury that resulted in the damage, that the owner knew or should have known of that risk, and that the owner nevertheless failed to render the thing safe or to take adequate steps to prevent the damage caused by the thing.” [emphasis added].
In both negligence and strict liability cases, the probability and magnitude of the risk are to be balanced against the utility of the thing. The distinction between the two theories of recovery lies in the fact that the *1119 inability of a defendant to know or prevent the risk is not a defense in a strict liability case, but precludes a finding of negligence. Hunt v. City Stores, Inc., 387 So.2d 585 (La.1980); Carter v. Board of Supervisors of La. State University, 459 So.2d 1263 (La.App. 1st Cir.1984); writ denied, 462 So.2d 1248 (1985).
The trial judge found Mr. and Mrs. Spencer failed to carry their burden of proof in strict liability or negligence. Implicit in this conclusion is the finding that plaintiffs failed to establish either that ice was on the stairs when Lydia fell or that the building owner was negligent in failing to render the stairs safe because the owner was unaware of the ice in time to remove it before Lydia traversed the steps en route to work.
Where there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s determination, this finding should not be disturbed on review by the appellate court unless it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), on remand, 370 So.2d 1262 (La.App.), writ den., 374 So.2d 660 (La.1979).
Ms. Rita Bowden, who walked up the stairs in question just minutes before Lydia, testified there was no ice on the stairs, but she did observe some ice upon the trees and bushes in the area. Mr. Claude Franklin, Lydia’s employer, walked up the upper five steps in the stairway a short time after Lydia’s fall. Mr. Franklin testified he did not observe any ice upon his entry, but after discovering that Lydia had been injured, he returned to the door and observed some ice on the first four steps. Mrs. Mary Doles testified she walked up the steps a little before noon on the day of the accident and observed some ice upon them. We conclude that the trial court’s finding that plaintiffs failed to prove their claim was not clearly wrong. If ice was on these steps when Lydia fell, there is evidence in the record from which it could be found that it had not been there long and the building owner, thus, did not have an opportunity to take adequate steps to render the stairs safe. This conclusion could be reached from the testimony of Mrs. Bowden which is somewhat corroborated by the testimony of Mr. Franklin and by the weather observation in the record which reported that continuous freezing rain only began to fall about the time Lydia fell upon the steps.
Plaintiffs cite Johnson v. Bellefonte Ins. Co., 449 So.2d 1134 (La.App. 3d Cir.1984), writ den., 456 So.2d 164 (1984) to support their claim. In that case, the plaintiff was injured when she slipped upon ice which had accumulated on the sidewalk in front of her apartment. The maintenance man for the apartment complex testified that he had been in the area that morning, observed the ice but failed to warn plaintiff. The court stated:
“The icy sidewalk clearly presented an unreasonably risk of injury to the tenants, the defendant knew about the hazard, and there was sufficient evidence for the jury to find as a fact that the defendant could have remedied the hazard or warned against it.” Johnson v. Bellefonte Ins. Co., 449 So.2d at 1138.
In the instant case, the building owner’s inability to remedy the hazard, if one in fact existed, or to warn against it is a distinguishing factor. From the evidence the court could have found no ice existed on the steps at the time Lydia fell and for that reason the fall could not be attributed to the negligence of the building owner. From the evidence the court could have concluded there was ice on the stairs, but the plaintiffs fail to establish the ice had been there long enough for the owner of the building to have been required to discover the ice and remove it from the steps before Lydia’s fall. We conclude the trial judge was not clearly wrong in finding that plaintiffs failed to prove their claim.
For the foregoing reasons, the judgment of the trial court is affirmed at plaintiffs’ cost.
AFFIRMED.