DOMENGEAUX, Judge.
This is an appeal from a suit in redhibition, and alternatively, quanti minoris filed by Leo Linon Williams and his wife, Leanne K. Williams, Plaintiffs-Appellants-Appellees against David Kurtz Palmgreen and his wife, Nancy Marie Palmgreen, Defendants-Appellees-Appellants. The defendants were the vendors and the plaintiffs the vendees of a home with a sale price of $85,000. After a trial on the merits, the District Judge awarded the plaintiffs a diminution in price of $2,000 and attorney’s fees in the amount of $2,000.
This litigation involves a residence located at 1626 Whispering Woods, Lake Charles, Louisiana. The home was six years old when the Palmgreens purchased it in 1974, and they resided in that house for about eight years when they purchased another home in 1982 and put the Whispering Woods residence on the market. The residence on Whispering Woods Drive remained vacant for approximately eight months before the plaintiffs purchased it. However, despite the fact that the home remained vacant during an eight month period, the utilities were not disconnected and the vendors aired the house once a week.
During the early part of 1983 the plaintiffs began shopping for a home in the Lake Charles area. To assist them in their search they retained the services of a real estate agent. The plaintiffs viewed a number of houses but became interested in the defendants’ home. Although the record is not absolutely certain as to the number of visits the plaintiffs made to the house, it appears that Mr. and Mrs. Williams inspected the home on at least three occasions prior to purchasing it. The inspections entailed turning on the lights, checking water faucets, and a visual inspection of the interior and exterior of the house.
The inspections disclosed that the only obvious defects in the home was a cracked windowpane and a defective light switch. Following the repair of these defects and after some negotiation the Palmgreens sold the house to the Williams for $85,000. The sale was closed on February 9, 1983.
The Williams moved into the home approximately two weeks after the sale closing. Four days after moving into the home, Mrs. Williams placed a batch of dirty clothes in her new washing machine, started the wash cycle and left the house to go on an errand. Upon returning, she discovered that a problem had developed in the drainage system, and that the sewage had backed up causing the washer, the kitchen sink and an outdoor patio sink to overflow with refuse water and waste. Plumbers were called to the home to run a sewer “rooter” through the drain pipes to clean out the drain line. The sewage, problem was alleviated inasmuch as the indoor sinks would no longer overflow; however, whenever the Williams run the clothes washer, the outdoor patio sink overflows with waste water.
Shortly thereafter, the Williams detected that the tap water in the home took on the odor of “sulfur” or “sewage” and a yellow color. The plaintiffs testified that they were under the impression that the home’s water was provided by the city. However, after investigating further they discovered that the home’s water source was a water pump in the back yard and that the home was not connected to the city water system. This situation was remedied when the home was hooked up to the city water system; however, Mrs. Williams testified that she became ill as a result of being exposed to the water.
Another complained of defect was the plumbing fixtures which were repaired.
*810 In connection with the problems with the plumbing and the water source and quality, was a complaint that shortly after the plaintiffs began occupancy of the home the hot water heater had to be replaced. The problem with the hot water heater manifested itself when rust residue from the tank of the hot water heater began to flow out of the tap when the hot water was turned on.
Soon, other imperfections began to reveal themselves. First, the home’s electrical system began to flicker off and on. An electrician was summoned and discovered that the flaw was caused by loose connections and burnt wires on the main panel of the home. Finally, the home developed leaks in the roof, especially in the garage area, which caused some water damage to the home.
On January 30, 1984, the Williams filed this lawsuit seeking to rescind the contract of sale because of the redhibitory defects in the home, and alternatively, to reduce the sale price by an action in quanti minor-is. The petition also sought damages and attorney’s fees for the expenses occasioned by the sale.
After a trial on the merits, the district judge ruled that the plaintiffs were entitled to a $2,000 diminution of the sale price as well as $2,000 in attorney’s fees. In his oral reasons for judgment, which were transcribed into the record, the district judge found that after considering the defects complained of both individually and collectively, there was no defect which could cause the court to order a rescission of the sale. The district judge then went on to explain in detail his determination on each of the complained of defects and his reasons for granting the reduction in price.
The plaintiff has appealed the decision of the district court and raises eleven assignments of error, which can be more concisely stated in two assignments of error:
1.Did the district court abuse its discretion and commit manifest error by awarding a $2,000 reduction of the sale price as opposed to granting a rescission of the sale or awarding a greater reduction in the sale price?
2. Did the district court commit manifest error in failing to find that the poor water quality and the roof leaks were red-hibitory defects?
The defendants answered the plaintiffs appeal and cited one assignment of error:
3. The district court erred in ruling that the plaintiffs were entitled to attorney’s fees.
ASSIGNMENTS OF ERROR 1 AND 2
Louisiana Civil Code Article 2520 defines redhibition as “the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice”. [Emphasis added].
In order for a defect in a thing sold to be considered a redhibitory defect it must not be an apparent defect (i.e., one discoverable by the buyer upon a simple inspection) or a latent defect which is made known to the buyer. La.C.C. Arts. 2521 and 2522. Furthermore, in order for a buyer to be successful in a redhibitory action he must prove that the vice existed before the sale was perfected. La.C.C. Art. 2530.
However, although a buyer seeks rescission of the sale under Louisiana Civil Code Article 2520, if the evidence establishes only a diminished utility of the thing sold as opposed to its being useless and altogether unsuited for its purpose, the judge may decree merely a reduction in price rather than a rescission. Williamson v. Strange, 323 So.2d 875 (La.App. 2nd Cir.1975) appeal after remand 342 So.2d 1199 (La.App. 2nd Cir.1977). La.C.C. Art. 2543. See also, Beale’s Heirs v. DeGruy, 2 La. 468 (1831).
In any event, the determination of whether it is proper to grant redhibition or to deny the rescission of the sale and grant a reduction in price is essentially a factual determination best made by the district *811 court. ARK-LA-TEX Builders & Realty, Inc. v. Hoge, 344 So.2d 90 (La.App. 2nd Cir.1977).
Likewise, the ultimate question of the existence of a redhibitory defect and the amount awarded in quanti minoris are questions of fact for the trial judge which should not be disturbed in the absence of manifest error or abuse of the wide discretion afforded him. Newman v. Dixie Sales and Service, 387 So.2d 1333 (La.App. 1st Cir.1980) and Red Arrow Sales, Inc. v. Dixie Motors, Inc., 442 So.2d 570 (La.App. 1st Cir.1983).
In this case, the district judge found that the fact that the home’s water was supplied by a pump on the premises rather than by the city was not a redhibitory defect. This determination was based upon a finding that the pump located in the back yard of the home was visible to the plaintiffs during their inspection of the home and that with a simple inspection they could have determined that the home’s water supply came from the pump rather than from the city water system.
Further, the district judge found that the quality of the water which flowed from the pump was not a redhibitory defect regardless of the discoloration and odor. He found that the discoloration and odor was something beyond human control and that there was no evidence that the water was harmful to the health of humans.
The district judge also found that the leaks in the roof of the home were not redhibitory defects. The trial judge noted that the home originally had a wood shake roof and that when it was determined by Mr. Palmgreen prior to the sale that a new roof was needed he overlayed the existing shake roof with asphalt shingles. An expert in the field of roofing testified that Mr. Palmgreen’s method was an acceptable way of reroofing a home. Based upon this the district judge found that the reroofing had nothing to do with the leaks as an alleged defect. The district court also found that while the Williams owned the home, they made an insurance claim for wind damage to the roof. The trial judge found that coupling the wind damage to the roof with the plaintiffs’ failure to prove that the leaks existed prior to the sale resulted in the leaks not being classified as a redhibitory defect.
As we noted earlier, the determination of whether a vice constitutes a redhibitory defect is a factual question for the trier of fact which cannot be disturbed in the absence of manifest error. Newman v. Dixie Sales and Service, Supra, and Red Arrow Sales, Inc. v. Dixie Motors, Inc., Supra. After having thoroughly reviewed the record and considering the district judge’s well thought out reasons, we are unable to say that his ruling on the above discussed items was manifestly erroneous. We therefore affirm the district judge’s ruling that the water pump as a water source, the water quality and the leaks in the roof were not redhibitory defects.
Likewise, we cannot say that the district judge’s decision to give a diminution in price on the other complained of defects was an abuse of the district court’s wide discretion.
We feel that the problems the plaintiffs experienced with the sewage system, hot water heater, electrical system and plumbing fixtures, although certainly defects, are problems which are somewhat tempered by the jurisprudential rule that the warranty created against redhibitory defects applies to the sale of used equipment, but it is not as extensive as in sales of new equipment. What is required is that the equipment must operate reasonably well for a reasonable period of time. Gisclair v. Cajun Trucking, Inc., 421 So.2d 339 (La.App. 1st Cir.1982).
It is obvious, that here, the sale of a twelve year old home does not carry the same warranty against redhibitory defects as does the sale of a new home.
In the record before us the defendants admitted that the sewage system clogged and backed up every eighteen to twenty-four months requiring maintenance to return it to its normal operating capaci *812 ty. However, there was evidence, as the trial judge noted, that the clogged sewage results from the day to day use of the sewage system, and as we note from the testimony, it is aggravated by tree roots on the lot.
Although these items constituted redhibitory defects we agree with the district judge that they were not of such a nature so as to cause a cancellation of the sale. Inherent in the purchase of a twelve-year old previously owned home is the knowledge that certain of the components and accessories will be worn and subject to breakdown and will require repair.
We affirm the district judge’s decision to order a reduction in price of this home rather than the rescission of the sale. Certainly the evidence established that the plaintiffs experienced diminished utility and some frustration because of the defects; however, the home is not useless nor altogether unsuited for its purpose. There is ample evidence in the record to support the district court’s holding and we cannot say that the $2,000 reduction in the sale price of the home was an abuse of the district court’s discretion.
The appellants also contend that the district judge erred in that he did not grant to them an award of damages for mental anguish and inconvenience. Recently, in Fontenot v. J.F. Hollier & Sons, 478 So.2d 1379 (La.App. 3rd Cir.1985), writ granted, 481 So.2d 1326 (La.1986), this Court held that a purchaser of a redhibito-rily defective product is entitled to be compensated for all provable damages, including inconvenience and mental anguish, if the causation link is established, and if the vendor sold the product with knowledge of the defect. After a review of the record before us we must agree with the district judge’s implied refusal to allow damages for inconvenience and mental anguish. The evidence presented on the issue of damages for mental anguish and inconvenience is simply inadequate to justify any compensation on those grounds, especially when one considers evidence of other sources of distress, independent of this case, which were experienced by the plaintiffs.
ASSIGNMENT OF ERROR NO. 3
The defendants answered the plaintiff’s appeal and argue that the district court erred when it granted the plaintiff’s attorney’s fees in the amount of $2,000.00.
In the original reasons for judgment the district judge noted that although the defendants admitted to knowing that the sewage system became clogged on occasion, this knowledge was not sufficient to allow the recovery of attorneys' fees under Louisiana Civil Code Article 2545.[1] The trial judge found that the sewer was not the type of “defect” which would cause the defendants to be in bad faith because they had not declared it. The district judge did grant attorney’s fees to the plaintiffs, and in his original oral reasons he based the award upon “the rights of the suit in redhi-bition” and the “discretion of the court”.
On May 2, 1985, the district court signed a judgment awarding attorney’s fees and that judgment stated that the attorney’s fees were granted “it being the finding of the court that the defendant had knowledge of the sewerage defects prior to the subject sale.”
The defendants then filed a rule to amend the original judgment, and after a hearing on the rule the district judge signed an amended judgment deleting the reference made to the defendants’ knowledge of the defects in the sewage system contained in the original judgment. During the course of the hearing on the rule, the district judge stated, “[T]he judgment is absolutely correct except that it was not a—or it was not intended to be a finding of the court that the defendants had knowl *813 edge of the sewage defects prior to the subject sale.”
We affirm the district judge’s award of attorney’s fees in this case, although not for the reasons he assigned in his original oral reasons for judgment.
Louisiana Civil Code Article 2545 provides: “The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys’ fees, is answerable to the buyer in damages.”
The district judge found that the sewage system was a redhibitory defect. He also found and it was admitted by the defendants that the sewage system clogged every eighteen to twenty-four months during the eight years that they owned the home. In view of these facts we find it illogical and inconsistent to hold that there is a defect and that the vendors knew about it but that attorney’s fees cannot be granted for that reason because this defect was such that it did not require disclosure on the part of the vendors.
We therefore hold that because the sewage system was found to be defective and because the defendants knew of the problems with the system yet failed to inform the plaintiffs of the vice, the plaintiffs are entitled to the $2,000 in attorney’s fees under Louisiana Civil Code Article 2545.
For the above and foregoing reasons the decision of the district court is affirmed. All costs on appeal to be assessed against defendants.
AFFIRMED.

. Louisiana Civil Code Article 2545 provides:
"The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys fees, is answerable to the buyer in damages.”