DOUCET, Judge.
This appeal is from a judgment in a redhibitory action in which the trial judge granted the buyer of a used 1981 Audi automobile a $1,277.07 diminution in the price. This was the cost of the last repairs of the vehicle which, apparently, was running satisfactorily at the time of the trial.
The problems which occurred in the vehicle are outlined in the record on appeal. Shortly after the sale on August 8, 1984, the plaintiff began experiencing trouble with the air conditioning, the electric windows, and the fuel injection system. These were repaired at no cost to the buyer. A few days after Christmas that year, fluid began to leak from the transmission. At first the seller refused to repair this, contending that a six months/6,000 miles express warranty, which was given with the purchase, had expired. However, he had the work done by an independent repair shop when the parties negotiated for a new trade that fell through. Despite these repairs, the plaintiff continued to experience trouble with what appeared to be the transmission. Finally, the car became inoperable and the buyer had it repaired at the above mentioned cost. The defendant refused to pay this repair bill and suit resulted.
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.” La.C.C. art. 2520.
Apparent defects which the buyer might have discovered on inspection are not redhi-bitory vices. La.C.C. art. 2521. The buyer must prove that the vice existed before the sale. La.C.C. art. 2530. A seller who was not aware of the existence of the vices is bound only to repair the thing or to restore the price and reimburse the expenses occasioned by the sale and those necessary for the preservation of the thing, subject to a credit for use. La.C.C. art. 2531. The buyer may limit his demand to a reduction in price, rather than demanding avoidance of the sale. La.C.C. art. 2541. Further, even when an action for avoidance is brought, the judge may decree a reduction in price. La.C.C. art. 2543.
From conflicting evidence, the trial court concluded that the vice which ultimately necessitated the major repairs existed at the time of the sale, that it was not apparent, and the buyer would not have made the purchase had he known of it. However, the judge did not consider the defect of such magnitude as to require a rescission of the sale and granted the diminution in price. These, of course, are questions of fact and the trial judge’s determination thereof should not be disturbed unless he was manifestly in error or clearly wrong. Newman v. Dixie Sales and Service, 387 So.2d 1333 (La.App. 1st Cir.1980); Lee v. Shaw, 402 So.2d 152 (La.App. 1st Cir.1981); Gamble v. Bill Lowrey Chevrolet, Inc., 410 So.2d 1155 (La.App. 3rd Cir.1982); Broussard v. Don Siebarth Pontiac, Inc., 434 So.2d 651 (La.App. 3rd Cir.1983). From our review of the record we cannot say that his findings in these respects were clearly wrong.
Whether the six months/6,000 miles express warranty had actually expired was also disputed. However, this is immaterial because the record contains no indication *58 the plaintiff renounced the statutory implied warranty of fitness. Gamble v. Bill Lowrey Chevrolet, Inc., supra.
For the foregoing reasons, the judgment of the district court is affirmed at appellant’s cost.
AFFIRMED.