505 So.2d 192 (1987)
Lewis Frank MARTIN, et ux., Plaintiff-Appellee,
v.
R.C. HENDERSON, Jr., Defendant-Appellant.
No. 85-599.
Court of Appeal of Louisiana, Third Circuit.
April 1, 1987.
*193 James D. Davis, Alexandria, for defendant-appellant.
J.P. Mauffray, Jr., Jena, for plaintiff-appellee.
Before GUIDRY, PICKETT and TUCK[1], JJ.
ROY B. TUCK, Jr., Judge Pro Tem.
In this proceeding the plaintiffs seek to recover damages, both special and general, from the defendant, a wholesale distributor of gasoline, oils and diesel fuel, alleged to be due as a result of plaintiffs having made two purchases of diesel fuel from defendant's retail consignee which contained substantial quantities of water. It is contended that the water allegedly contained in the diesel fuel rendered their diesel burning automobile inoperable necessitating repairs on two occasions, depriving them of the use of the automobile and subjecting them to inconvenience and mental anguish for all of which damages, together with attorneys' fees are sought. The defendant answered denying the allegations of plaintiffs' petition. The trial court awarded damages as follows:

Cost of two tanks of defective fuel $ 41.65
Repair expense and towing charges 843.97
Loss of use of vehicle 450.00
General damages including mental
distress, anguish and inconvenience 3,000.00
Attorney fees 750.00
 _________
 Total $5,085.62

The defendant perfected this appeal.

FACTS
On July 9, 1982 and at all pertinent times prior thereto, R.C. Henderson, Jr. d/b/a Henderson Oil Company (hereinafter referred to as "appellant") was a wholesale distributor of petroleum products, including diesel fuel. Appellant supplied gasoline and oils manufactured by Mobil Oil Corporation together with diesel fuel manufactured by Petron, Inc., and perhaps others, to Mr. Elmond Dean Brewer who operated a business in Jena, Louisiana known as "Dean's Mobil."
On July 9, 1982 plaintiffs purchased $20.90 worth of diesel fuel from Dean's Mobil for use in their diesel powered 1980 Oldsmobile. The tank was not filled because the storage tank became empty.
The plaintiffs drove from Jena to Crowley, Louisiana. They bought no other diesel. When they started to return to Jena on July 11, 1982, their car began to malfunction and became inoperable. The car was towed to Jena by personnel of Windham's Chevrolet-Olds, Inc. who repaired the car at a cost of $428.05 for towing and repairs. The repairmen found substantial quantities of water in the fuel tank which had damaged the injector pump.
*194 On July 23, 1986 the plaintiffs bought 15.5 gallons of diesel fuel from Dean's Mobil at a cost of $20.75. The car malfunctioned again and was repaired by the repairmen at Windham's Chevrolet-Olds, Inc. at a cost of $415.92. The repairmen again removed substantial quantities of water from the fuel tank. The plaintiffs deny having placed any diesel fuel in the car other than that purchased at Dean's Mobil.
After having written numerous letters in an unsuccessful effort to obtain reimbursement for repairs, appellees filed this suit seeking recovery of the purchase price of the fuel, towing and repair charges, damages for loss of use of the vehicle, expenses of attempting amicable settlement, general damages and attorneys' fees.
The trial court found that the damage to the automobile was caused by water contained in the diesel fuel supplied by appellant and purchased by appellees from Dean's Mobil and rendered judgment.

ISSUES
1. Did the trial court err in holding that the diesel fuel purchased by plaintiffs was defective in that it contained water?
2. Is a wholesale distributor, under the facts of this case, charged with knowledge of the defect of the product sold by him for purposes of awarding damages and attorneys fees?

DECISION
The law expressly imposes upon a seller a warranty against the hidden defects or redhibitory vices of the thing sold. La.C.C. Art. 2476. The seller of a thing with a redhibitory defect who "knew not of the vices of the thing" is only liable for the return of the purchase price and the expenses of the sale. La.C.C. Art. 2531; Hudgens v. Interstate Battery Systems of America, Inc., et al., 393 So.2d 940 (La. App. 3rd Cir.1981). The seller, however, who knows of the vice of the thing and fails to declare it is also answerable for damages and reasonable attorneys' fees. La.C.C. Art. 2545; Williams v. Palmgreen, 490 So.2d 807 (La.App. 3rd Cir.1986). It is a rule so well-known and of such long standing as to almost render unnecessary the citation of authority, that knowledge of defects in a thing is imputed to the manufacturer of the thing. See, for example, Doyle v. Fuerst & Kraemer, 129 La. 838, 56 So. 906 (1911).
In his reasons for judgment the trial judge said:
"The Court finds the evidence to be clear that the presence of abundant quantities of water in the fuel tank of the 1980 Oldsmobile owned by the plaintiffs was the actual cause of the damage to the vehicle necessitating the repairs sued upon. This was clearly substantiated by the testimony presented by plaintiffs themselves as well as Mr. Ernest McClendon the former Service Manager of Windham's; Mr. Jerry Hudson, who actually did the repairs on the vehicle at Windham's; Mr. Taft Jackson, an employee of Windham's who saw the water; and Mr. Doyle Windham, who instructed that the repairs be performed, made arrangements for the wrecker, and actually saw the water from the tank. Additionally it is clear from the evidence that the only source of the water was the fuel purchased by plaintiffs from Dean's Mobil Station. The only thing presented by defendants to contradict this overwhelming evidence was the simple denial of the possibility of this happening."
"The Court is further impressed by the fact that no problems manifested themselves with this vehicle prior to these two instances, and after the repairs were ultimately accomplished no problems have manifested themselves since that time."
Where there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's determination, this finding should not be disturbed on review by the appellate court unless it is clearly wrong. Spencer, et vir v. Aetna Casualty & Surety Co., 488 So.2d 1116 (La.App. 2d. Cir.1986).
Considering the testimony of Mr. and Mrs. Martin to the effect that they had had *195 no difficulty with their car prior to July 9, 1982 nor any difficulty with the car subsequent to the repairs made after the last purchase of diesel from Dean's Mobil coupled with the testimony of the personnel from Windham's Chevrolet-Olds, Inc., it cannot be said that the trial court was clearly wrong in concluding that the diesel fuel purchased from Dean's Mobil was contaminated by water and was the cause of the malfunction of the car. Mr. Ernest McClendon, a mechanic for 35 years and the Service Manager at Windham's testified that, on the occasion of the first malfunction, the fuel was drained from the tank into a zinc washtub. He described the tub as being about two-thirds full and containing water about two inches deep in the bottom of the tub. He was of the opinion that the water in the fuel had ruined the injector pump on the engine. Mr. McClendon testified that on the occasion of the second repairs on or about August 4, 1982, the tank contained about the same amount, "if not more", of water and that essentially the same repairs were made. Mr. Jerry Hudson, a diesel mechanic at Windham's who actually performed the work on plaintiffs' car testified that on each occasion the problem was water in the fuel tank, a little more the second time than the first. Mr. Taft Jackson and Mr. Doyle Windham both saw the water that came from the fuel system of plaintiffs' car. This testimony clearly furnishes a reasonable factual basis for the trial court's findings. There is no error in the trial court's finding that the diesel fuel purchased by plaintiffs was defective.
The appellant is a wholesale distributor of fuel and oils who had, in effect, placed the diesel fuel at Mr. Brewer's place of business on consignment. He did not refine the diesel fuel distributed by him but purchased it from Petron, Inc. and perhaps other refiners. The record reflects that the diesel bought from the manufacturers in large quantities was stored in appellant's storage tanks and delivered in smaller quantities to retail locations.
A non-manufacturer seller is responsible for damages only if he knew or should have known that the product sold was defective and failed to declare it. Harris v. Atlanta Stove Works, Inc., 428 So.2d 1040 (La.App. 1st Cir.1983) writ denied 434 So.2d 1106 (La.1983); Hudgens v. Interstate Battery Systems of America, Inc., et al, supra; Reeves v. Great Atlantic & Pacific Tea Company, Inc., et al, 370 So.2d 202 (La.App. 3rd Cir.1979) writ denied 371 So.2d. 835 (La.1979). The good faith seller, i.e., the seller who had neither actual nor constructive knowledge of the defect and who is not presumed, in the capacity of manufacturer, to have had knowledge of the defect is bound only to return the purchase price together with the expenses of the sale. La.C.C. Article 2531.
The record in this case is devoid of any evidence indicating that the appellant had actual knowledge of the presence of water in the diesel fuel sold by him. The non-manufacturer seller is not required to inspect a product prior to sale to determine the possibility of inherent vices or defects. Harris v. Atlanta Stove Works, Inc., supra; Ratliff v. Porter Cable Co. of New York, 210 F.Supp. 957 (E.D.La.1962). Simple visual inspection would not have disclosed the presence of water in the diesel fuel anyway. We therefore hold that the defect was latent and that constructive knowledge of the defect should not be charged to appellant.
Appellee suggests that the trial court impliedly found that the appellant was a manufacturer and argues that we should impute the "status of a manufacturer" to the appellant. We are not unmindful of the holding of our Supreme Court in Media Production Consultants, Inc. v. M B N A, 262 La. 80, 262 So.2d. 377 (1972), but we distinguish the factual situation here from that in Media. In the cited case M B N A assumed total responsibility for marketing in the United States the cars made by a foreign corporation not authorized to do business in this country. M B N A had sole responsibility for selling, servicing and establishing franchise dealerships and its name appeared on the Dealers Claims Policies and Procedures Manual, the owner's service policy, and the owner's *196 automobile manual. It operated a vehicle distribution center, inspected, adjusted and prepared the automobiles for placement in the hands of a dealer for sale. In the case sub judice the record establishes only that appellant purchased diesel fuel from the manufacturer, stored it and sold it at retail locations. The evidence does not indicate the existence of any manufacturer not subject to service of process. Nor does it appear that appellant was a sole distributor of the product of any refiner or that appellant made any inspections or adjustments or conducted any additional activity calculated to ready the product for sale. Under the facts presented in this particular case, there is no basis for holding that appellant occupied the "status of a manufacturer."
Under the provisions of La.C.C. Article 2531 the seller who knew not of the vices of the thing is bound only to restore the purchase price and "reimburse the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing." Attorney's fees and damages are not properly awarded against a good faith seller who is not the manufacturer. Coleman Oldsmobile, Inc. v. Newman and Associates, Inc., et al, 477 So.2d 1155 (La.App. 1st Cir.1985) writ denied 481 So.2d 1334 (La.1986). Loss of use of a vehicle is not an expense occasioned by the sale or for the preservation of the thing. Slay v. Ater, 305 So.2d. 691 (La.App. 3rd Cir.1974). Accordingly we need not even consider the paucity of evidence presented by appellees concerning their loss of use of the vehicle while it was being repaired.
Having concluded that the appellant was a good faith seller of a defective thing, it is unnecessary to discuss the nature of damages which might have been recoverable if the seller were the manufacturer or had knowledge of the defect, actual or constructive, at the time of the sale.

CONCLUSION
For reasons set forth hereinabove, those portions of the judgment of the trial court which awarded the plaintiffs-appellees the sum of $450.00 for loss of use of the vehicle, the sum of $3,000.00 for general damages including mental distress, anguish and inconvenience and the sum of $750.00 for attorney's fees are reversed and set aside. In all other respects the judgment of the trial court is affirmed. Costs of this appeal are assessed one-half to plaintiff-appellee and one-half to defendant-appellant.
REVERSED IN PART; AFFIRMED IN PART.
NOTES
[1] Judge John S. Pickett, Jr. of the 11th Judicial District Court and Judge Roy B. Tuck, Jr. of the 30th Judicial District Court participated in this decision as Judges Pro Tempore of the Third Circuit Court of Appeal.