ON REHEARING
On the application of plaintiff we granted a rehearing in order to reconsider her claims for the cost of replacing the engine, rental car charges, finance charges, and costs for tax, title, and license.
C.C. art. 2531 provides as follows:
“The seller who knew not the vices of the thing is only bound to repair, remedy or correct the vices as provided in Article 2521, or if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price, and reimburse the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, subject to credit for the value of any fruits or use which the purchaser has drawn from it.”
Plaintiff argues that she is entitled to the items claimed because they were either reasonable expenses occasioned by the sale or those incurred for the preservation of the thing.
Since the costs for tax, title, and license are obviously “reasonable expenses occasioned by the sale” plaintiff is entitled to those in the total sum of $515. Hill v. Coleman Oldsmobile, Inc., 424 So.2d 1049 (La.App. 1st Cir.1983) writ denied 430 So. 2d 77 (1983).
Plaintiff spent $4,360.87 to replace the engine after the original engine failed in March, 1986. She first argues that she is entitled to this expense because it was “incurred for the preservation of the thing.” Defendant relies on Slay v. Ater, 305 So.2d 691 (La.App. 3rd Cir.1974) as authority for disallowing recovery of this item. That opinion does not make it clear as to why the court disallowed recovery of certain repairs, but it appears that the court deferred to a factual conclusion by the trial court that the particular disallowed repairs did not qualify as reasonable expenses incurred for the preservation of the thing. In the instant case the automobile was useless once its motor failed. We find that the replacement was reasonable and was incurred for the preservation of the car.
In addition, there is merit to plaintiff's second argument that the doctrine of unjust enrichment warrants her recovery of the cost of the engine. Upon rescission of the sale the returned automobile will be more valuable with its new engine. Justice requires that plaintiff be reimbursed for an item which ultimately redowns to defendant’s benefit.
On the other hand, art. 2531 subjects defendant’s obligation to a credit of the value of the use which plaintiff drew from it. The record provides little guidance as to the amount we should assign to this value, but we have resolved to arrive *494 at a fair figure and bring the case to a conclusion rather than remand it for further evidence at this stage of the case. Approximately three years have passed since the engine failed. We have concluded that $3600 is an appropriate credit to allow defendant for plaintiff's use of the car during this time.
Plaintiff offered proof that she financed the purchase of the automobile and incurred $3,769.56 in finance charges to the date of trial. We have concluded that she is entitled to recover this amount under art. 2531 both as an expense occasioned by the sale and one incurred for the preservation of the thing. Had she not paid the notes the creditor would have seized the automobile. Furthermore, we have awarded legal interest on the purchase price from the date the automobile is returned to defendant. Since he has had the use of plaintiff’s money since the sale, it seems only fair that he reimburse plaintiff for the interest she had been paying on the money paid to defendant. Finally, this conclusion is consistent with cases such as Wheeler v. Clearview Dodge Sales, 462 So.2d 1298 (La.App. 5th Cir.1985), Hill v. Coleman Oldsmobile, Inc., supra, and Smith v. Max Thieme Chevrolet Company, Inc., 315 So.2d 82 (La.App. 2d Cir.1975).
Plaintiffs final claim is for $1,774 for rental charges for a replacement vehicle while the car was being repaired. While this claim was allowed in Williams v. Toyota of Jefferson, Inc., 655 F.Supp. 1081 (E.D.La.1987) and Davidson v. New Roads Motor Co., Inc., 385 So.2d 319 (La. App. 1st Cir.1980), these cases do not offer any explanation as to how art. 2531 authorizes recovery for such an item. Martin v. Henderson, 505 So.2d 192 (La.App. 3d Cir.1987) seems to disallow recovery because “[l]oss of use of a vehicle is not an expense occasioned by the sale or for the preservation of the thing.” Id. at 196. We have concluded that recovery of rental charges is not warranted in the instant case. This is consistent with Martin v. Henderson, supra, Wheeler v. Clearview Dodge, Sales, supra, and Hill v. Coleman Oldsmobile, Inc., supra.
Accordingly, our original decree is amended to the extent that upon return of the automobile to defendant, he is ordered to pay plaintiff the sum of $18,545.43 with legal interest from the date of the automobile’s return until paid. In all other respects we affirm our original decree.
ORIGINAL DECREE AMENDED AND AFFIRMED.